**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OFELIA SERNA PENALOZA,

Petitioner,

v.

TODD BLANCHE,
Acting Attorney General,

Respondent.

No. 25-3401

Agency No.
A202-175-526

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges and FITZWATER,[***] District Judge.

Ofelia Serna Penaloza ("Penaloza") petitions for review of the Board of

Immigration Appeals' ("BIA's") order affirming the Immigration Judge's ("IJ's")

denial of her applications for asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  "Where, as here, the BIA agrees with the IJ['s] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019).  We review legal questions *de novo* and factual determinations for substantial evidence.  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary."  *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

2.  Substantial evidence supports the BIA's conclusion that Penaloza did not suffer past persecution.  *See Urias-Orellana v. Bondi*, 146 S.Ct. 845, 851 (2026).  Penaloza herself was not physically harmed during the shootout.  *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (explaining that whether applicant was subject to "significant physical violence" is "often a significant consideration").  Although members of the Knights Templar threatened to kill Penaloza and her sister after the shootout, this death threat does not compel a finding of past persecution.  The Knights Templar did not repeat the threat or take any further action against Penaloza.  *See Duran-Rodriguez*, 918 F.3d at 1028 ("We have been most likely to find

persecution where threats are repeated, specific and combined with confrontation or other mistreatment." (citation and internal quotation marks omitted)). The Knights Templar accidentally shot Penaloza's sister during the shootout and harmed members of Penaloza's extended family approximately six years after the death threat was issued, but the IJ concluded that these latter incidents were not connected to Penaloza. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (concluding that multiple death threats applicant received did not rise to level of persecution where "physical violence against [applicant] was not connected with any particular threat"); *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (upholding finding of no past persecution where applicant failed to show that violence against others was "part of a pattern of persecution closely tied to [the applicant] [herself]" (citation and internal quotation marks omitted)). Likewise, the country conditions evidence about the violence associated with criminal organizations in Mexico is insufficient to compel a finding of past persecution. *See Sharma*, 9 F.4th at 1063 ("[A]dverse country conditions are not sufficient evidence of past persecution," because "an applicant must show [s]he was individually targeted on account of a protected ground rather than simply the victim of generalized violence.").

Moreover, we are not persuaded that the agency ignored numerous important facts when assessing whether the harm Penaloza experienced rose to the level of

persecution. We presume that the agency considered all of the relevant evidence. *Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025). To overcome this presumption, the applicant must (1) clearly and affirmatively show what record evidence in particular was supposedly ignored or misstated by the agency, and (2) explain why that evidence was highly probative or potentially dispositive. *See id.* at 740. Penaloza has not met this burden with any of the pieces of evidence that she asserts the agency failed to consider.

3. Absent evidence of past persecution, Penaloza may obtain relief by demonstrating a well-founded fear of future persecution that is subjectively genuine and objectively reasonable. Substantial evidence supports the BIA's determination that Penaloza has failed to demonstrate an "objectively reasonable" fear of future persecution. *See Sharma*, 9 F.4th at 1065. Penaloza did not "adduc[e] credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Substantial evidence supports the agency's conclusion that Penaloza had failed to make a sufficient showing that members of the Knights Templar have had a continuing interest in her. *Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) ("[The applicant's] alleged persecution occurred more than ten years ago. There is no

reason in the record to warrant a belief that [her] alleged persecutors would still be interested in her.").

Substantial evidence also supports the BIA's determination that Penaloza failed to demonstrate that she could not reasonably relocate to avoid the alleged persecution. An applicant "does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so." *Duran-Rodriguez*, 918 F.3d at 1029 (alteration in original) (quoting 8 C.F.R. § 1208.13 (b)(2)(ii))). Penaloza does not identify evidence in the record that indicates that she could not relocate to Colima, where her immediate family safely resides. Nor does the record compel the conclusion that the harm that befell her extended family in Guerrero would follow her were she to relocate to Colima or any other part of the country besides Guerrero. *See id.* at 1029 (concluding that an applicant was ineligible for asylum or withholding of removal where he had "not demonstrated that the record compels reversal of the agency's" finding that he could safely relocate within the country of removal). And her country conditions evidence does not compel a finding that she is at "risk of country-wide targeted persecution." *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) (emphasis

omitted); *see also id.* at 648 ("Relocation is generally not unreasonable solely because the country at large is subject to generalized violence.").

4. Substantial evidence supports the BIA's denial of CAT relief. Penaloza does not contest the BIA's determination that she waived any challenge to the IJ's finding that she did not experience torture in the past. Moreover, Penaloza has not identified evidence in the record that shows that anyone has sought after her or has had a continuing interest in her since she departed Mexico. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022) ("With no evidence of threats or harm since Petitioner was kidnapped more than ten years ago, the record certainly does not *compel* the conclusion that Petitioner faces any ongoing or particularized threat of torture."). Her country conditions evidence, likewise, is insufficient to compel the conclusion that she "faces a particularized, ongoing risk of future torture." *See id.*

Accordingly, we deny Penaloza's petition.

**PETITION DENIED**.